IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ELTON MARVIN CROMWELL, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-13-1730
:
ERIC HOLDER, ET AL., : (Judge Brann)
:
    Respondents :

# **MEMORANDUM**

October 16, 2013

## **Background**

Elton Marvin Cromwell filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 regarding his detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Service of the petition was previously ordered.

Petitioner describes himself as being a native of Trinidad and Tobago who was born in Venezuela. Cromwell acknowledges that he is subject to a final administrative order of removal which was entered on November 13, 2012. His pending action challenges his continued detention pending removal alleging that

1

"the Government will not be able to remove him in the reasonably foreseeable future." Doc. 1, p. 2.

On March 18, 2013, Respondents filed a response asserting that the petition should be denied because Cromwell's ongoing detention was constitutional. See Doc. 4, p. 5. In reviewing this matter, the Court has been advised by both ICE and officials at the York County Prison that Cromwell was recently released from detention pursuant to an order of supervision.

## Discussion

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the

complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

According to information provided to the Court by ICE and officials at the York County Prison, Cromwell was released from detention pursuant to an order of supervision on August 2, 2013.

Since Cromwell was recently released from detention pursuant to an order of supervision under the principles set forth in Steffel, his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy.[1] An appropriate Order will enter.

                            BY THE COURT:

                            s/Matthew W. Brann
                            Matthew W. Brann
                            United States District Judge

---

[1] In the event that the information provided to the Court is erroneous, Petitioner should promptly notify the Court so that this matter may be reopened.